```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
```

DEBRA A. JACKSON,

                                                              06-CV-0213

          v.                                           **ORDER**

JO ANNE B. BARNHART,
Commissioner of Social Security,

                       Defendant.
_____

     This action was initially brought pursuant to 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security (the "Commissioner") which denied plaintiff's claim for Disability Insurance Benefits and Supplemental Security Income payments pursuant to Title XVI of the Social Security Act. The matter was referred to Magistrate Judge Jeremiah J. McCarthy on October 9, 2007 to make a determination of the factual and legal issues presented and to prepare and file a Report and Recommendation containing a recommended disposition of the issues raised. Plaintiff brought this action on April 3, 2006 to challenge the determination of the Commissioner who found that she was not disabled within the meaning of the Social Security Act. Thereafter the defendant moved for judgment on the pleadings and the plaintiff filed a cross-motion for judgment on the pleadings.

     By Decision and Order and Report and Recommendation dated March 27, 2008, Magistrate Judge McCarthy recommended that the Commissioner's motion for judgment on the pleadings be denied and

that plaintiff's motion for judgment on the pleadings be granted to the extent that it seeks to vacate the Commissioner's determination and to remand the case for further administrative proceedings in accordance with his findings. Although the parties were advised of their right to file objections to Judge McCarthy's Report and Recommendation, the potential consequences of failing to file objections, and the deadline for filing such objections, neither party has filed any objection to Judge McCarthy's Report.

Because neither party has filed an objection to the March 27, 2008 Report and Recommendation, the parties have waived their rights to de novo review pursuant to 28 U.S.C. § 636(b)(1). See Caidor v. Onondaga County, 517 F.3d 601, 604 (2d Cir.2008); U.S. v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997). In addition, the Second Circuit has by rule adopted the position that where the parties have received notice of the consequences of failing to object to a Magistrate Judge's Report and Recommendation, such a failure will preclude any further review of a Decision adopting a Magistrate Judge's Report and Recommendation. See Small v. Secretary of Health and Human Servs., 892 F.2d 15, 16 (2d Cir.1989)("failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision"); see also Wesolek v. Canadair Ltd., 838 F.2d 55, 58 (2d Cir.1988).

I find that Magistrate Judge McCarthy's recommendation that the matter should be remanded to the Commissioner to "reconsider [the ALJ's] findings after he clarifies the content of Dr. Konakanchi's treatment notes," and that the ALJ's reliance on the Grid was improper because the record as a "whole would not permit [the ALJ], a layperson, to make the necessary inference that claimant can perform the non-exertional requirements of work at all exertional levels" is supported by the record. <u>See</u> Report and Recommendation, pages 14, 23). Because there is no clear error in Magistrate Judge McCarthy's Report and Recommendation, I adopt his March 27, 2008 Report and Recommendation in its entirety.

**ALL OF THE ABOVE IS SO ORDERED.**

  s/Michael A. Telesca
     Michael A. Telesca
United States District Judge

DATED:   Rochester, New York
         April 23, 2008